NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL JENSEN, *Petitioner*.

No. 1 CA-CR 25-0386 PRPC

FILED 03-02-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2004-020949-001
The Honorable Margaret LaBianca, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Michael Jensen, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma, Judge Andrew J. Becke and Judge Andrew M. Jacobs delivered the decision of the Court.

**PER CURIAM**:

¶1        Petitioner Michael Jensen seeks review of the superior court's order dismissing his notice and petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. This is petitioner's seventh post-conviction relief proceeding.

¶2        Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a request for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). It is petitioner's burden to show that the superior court abused its discretion by denying relief. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

¶3        This court has reviewed the record in this matter, the superior court's order dismissing the petition and the petition for review. This court finds that Jensen has not shown the superior court abused its discretion.

¶4        *First*, Jensen's claim asserting newly discovered evidence under Rule 32.1(e) – relating to an alleged alibi – has been raised in five previous PCR proceedings based on substantially the same evidence he now alleges is newly discovered. Accordingly, these alibi-based claims are precluded. *See* Ariz. R. Crim. P. 32.2(a)(2) & (b). *Second*, Jensen's arguments that the court erred by finding his claims were untimely and had been waived fail because the court addressed his claims on the merits. *Third*, the court correctly rejected Jensen's argument that dangerousness is a necessary element of DCAC offenses. *Fourth*, the few Arizona Supreme Court cases recognizing fact-specific exceptions to mandatory DCAC sentencing do not render the entire DCAC scheme void, as Jensen argues. *See State v. Davis*, 206 Ariz. 377 (2003); *State v. Bartlett*, 164 Ariz. 229 (1990), *vacated*, 501 U.S. 1246 (1991), *on remand*, 171 Ariz. 302 (1992).

¶5        Accordingly, this court grants review but denies relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR